1 Nicholas Patrick Seitz, Esq. (SBN 287568)
  nseitz@dir.ca.gov
2 STATE OF CALIFORNIA
  DEPARTMENT OF INDUSTRIAL RELATIONS
3 DIVISION OF LABOR STANDARDS ENFORCEMENT
  464 W. 4th Street, Suite 348
4 San Bernardino, CA 92401
  Telephone: (909) 521-3853
5 Facsimile:  (415) 703-4807

6 Attorney for Defendant,
  State of California, Department of Industrial Relations,
7 Division of Labor Standards Enforcement (erroneously sued
  as the California Department of Industrial Relations)

8

9                    UNITED STATES DISTRICT COURT

10         NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11

12 TATYANA EVGENIEVNA DREVALEVA,          | Case No. 22-CV-01585-EMC
                                          | Related Case No. 22-CV-01984-EMC
13              Plaintiff,                 | Related Case No. 22-CV-02068-EMC

14      v.                                | **DEFENDANT DIVISION OF LABOR
                                          | STANDARDS ENFORCEMENT'S
15 ALAMEDA HEALTH SYSTEM;                 | NOTICE OF MOTION AND MOTION TO
   THE CALIFORNIA DEPARTMENT OF           | DISMISS PLAINTIFF DREVALEVA'S
16 INDUSTRIAL RELATIONS (THE DIR)         | COMPLAINT FOR (1) LACK OF
                                          | JURISDICTION; (2) ELEVENTH
17              Defendants.               | AMENDMENT IMMUNITY (FED. R. CIV.
                                          | P. 12(b)(1)); AND (3) FAILURE TO STATE
18                                        | A CLAIM (FED. R. CIV. P. 12(b)(6));
                                          | MEMORANDUM OF POINTS AND
19                                        | AUTHORITIES**

20                                        | Judge: Hon. Edward M. Chen
                                          | Courtroom: 5
21                                        | Date:  June 16, 2022
                                          | Time: 1:30 p.m.
22

23      TO THE HONORABLE COURT, ALL PARTIES, AND COUNSEL OF RECORD:

24      PLEASE TAKE NOTICE that on June 16, 2022 at 1:30 p.m., or as soon thereafter as the

25 matter may be heard in Courtroom 5 of the United States District Court for the Northern District of

26 California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, CA 94102,

27 the Honorable Edward M. Chen, United States District Court Judge, presiding, Defendant State of

28 California, Department of Industrial Relations, Division of Labor Standards Enforcement

                                        -i-

("Defendant DLSE"),[1] will move for an order dismissing Plaintiff Tatyana Evgenievna Drevaleva's ("Plaintiff Drevaleva") Complaint without leave to amend.

Defendant DLSE's motion will be made under Federal Rule of Civil Procedure 12(b)(1) on the grounds that the Court lacks subject-matter jurisdiction and that the action is barred by the Eleventh Amendment. The motion will also be made under Rule 12(b)(6) on the grounds that the action is barred by federal and California claim preclusion, that the state law claims are barred by California statutory immunities and privileges, and that the Complaint in other ways fails to state claims against Defendant DLSE upon which relief can be granted.

Defendant DLSE's motion will be based on this Notice, the attached Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, the pleadings and papers on file, and on such additional matters as may be presented to the Court before or at the hearing.


Dated: May 5, 2022

STATE OF CALIFORNIA,
DEPARTMENT OF INDUSTRIAL RELATIONS,
DIVISION OF LABOR STANDARDS
ENFORCEMENT

By: _____ /s/ Nicholas Patrick Seitz _____

Nicholas Patrick Seitz, Esq.
Attorney for Defendant,
Division of Labor Standards Enforcement

---

[1] Plaintiff Drevaleva sued the Department of Industrial Relations (DIR), an agency of the State of California. Defendant DLSE is a division of DIR; its chief executive officer is the California Labor Commissioner. *See* Cal. Lab. Code §§ 21, 79, 82. Because California Labor Code sections 98 and 98.7 vest authority in Defendant DLSE to adjudicate wage claims and investigate retaliation claims involving any law under the jurisdiction of the California Labor Commissioner, and because this Complaint concerns the handling of Plaintiff Drevaleva's particular retaliation and wage claims, Plaintiff Drevaleva should have named Defendant DLSE in this matter, not DIR.

## <u>TABLE OF CONTENTS</u>

MEMORANDUM OF POINTS AND AUTHORITIES .................................................... 1

I.  INTRODUCTION............................................................ 1

II.  BACKGROUND............................................................. 1

    A.  Plaintiff Drevaleva Filed Retaliation and Wage Claims with Defendant DLSE Against Defendant AHS. ................................. 1

    B.  Defendant DLSE Investigated the Retaliation Claim and Dismissed It After Determining that Defendant AHS Terminated Plaintiff Drevaleva for a Legitimate, Non-Retaliatory Reason. ................................. 2

    C.  Defendant DLSE Considered the Wage Claim and Dismissed It After Determining that the Agency Lacked Jurisdiction Since Defendant AHS Is a County Hospital. ................................. 2

    D.  Plaintiff Drevaleva Sued Defendant DLSE Unsuccessfully in Federal Court............................................................................ 2

    E.  Plaintiff Drevaleva Sued Defendant DLSE Unsuccessfully in State Court............................................................................ 3

    F.  Plaintiff Drevaleva Continued to Sue Defendant DLSE Unsuccessfully in Federal Court. ................................. 4

    G.  Plaintiff Drevaleva's Current Lawsuit. ................................. 4

III.  ARGUMENT ............................................................ 5

    A.  The Court Lacks Subject-Matter Jurisdiction. ................................. 5

    B.  The Action Is Barred by Defendant DLSE's Eleventh Amendment Immunity. ................................. 6

    C.  Federal Claim Preclusion Bars Plaintiff Drevaleva's Complaint................. 7

        1.  There Is an Identity of Claims Between Plaintiff Drevaleva's Federal Lawsuits. ................................. 7

        2.  There Is a Final Judgment on the Merits and the Parties Are in Privity. ................................. 8

    D.  The Complaint Is Also Barred by California Claim Preclusion.................... 8

    E.  Plaintiff Drevaleva Cannot Assert a Title VII Claim Against Defendant DLSE Because There Was No Employment Relationship........ 10

    F.  Defendant DLSE Cannot Be Liable Under § 1981 Because There Is No Private Right of Action Against States.................................... 10

    G.  Statutory Immunities and Privileges Bar Plaintiff Drevaleva's State Law Claims Against Defendant DLSE. ................................. 10

DEFENDANT DLSE'S NOTICE OF MOTION AND MOTION TO DISMISS – 22-CV-01585-EMC

1. Defendant DLSE Is Immune from Liability for Injury Caused by the Investigation and Determination of Matters Within Its Purview............................................................................................ 10

2. Defendant DLSE Is Immune from Liability for Injury Caused by Its Discretionary Acts..................................................... 12

3. Statements by Defendant DLSE in the Course of Its Investigation and Determination of the Retaliation Complaint and Wage Claim Are Privileged........................................................ 13

IV.   CONCLUSION ..................................................................................... 14

DEFENDANT DLSE'S NOTICE OF MOTION AND MOTION TO DISMISS – 22-CV-01585-EMC

1

## TABLE OF AUTHORITIES

2 <u>CASES</u>

3 *Asgari v. City of Los Angeles*, 15 Cal. 4th 744 (1997) ........................................................ 11

4 *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234 (1985) ....................................................... 6

5 *Barner v. Leeds*, 24 Cal. 4th 676 (2000) ............................................................................. 12

6 *Biggs v. N.C. Dep't of Pub. Safety*, 953 F.3d 236 (4th Cir. 2020) ......................................... 6

7 *Boyd v. Freeman*, 18 Cal. App. 5th 847 (Cal. Ct. App. 2017) ................................................ 9

8 *Braun v. Bureau of State Audits*, 67 Cal. App. 4th 1382 (Cal. Ct. App. 1998) ...................... 14

9 *Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747 (9th Cir. 2009) ................................................ 6

10 *Brown v. Kelly Broad. Co.*, 48 Cal. 3d 711 (1989) .............................................................. 12

11 *Caldwell v. Montoya*, 10 Cal. 4th 972 (1995) ................................................................. 12, 13

12 *Cappuccio, Inc. v. Harmon*, 208 Cal. App. 3d 1496 (Cal. Ct. App. 1989) ........................... 11

13 *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987) ............................................................... 5

14 *Cerrato v. San Francisco Cmty. Coll. Dist.*, 26 F.3d 968 (9th Cir. 1994) ............................... 6

15 *Dittman v. Cal.*, 191 F.3d 1020 (9th Cir. 1999) .................................................................... 6

16 *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813 (2015) ......................................................... 9

17 *Doe v. State*, 8 Cal. App. 5th 832 (Cal. Ct. App. 2017) ....................................................... 11

18 *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911 (9th Cir. 1990) ......... 5

19 *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) ......................................... 3

20 *Hafer v. Melo*, 502 U.S. 21 (1991) ....................................................................................... 6

21 *Harris v. Forklift Sys., Inc.*, 510 U.S. 17 (1993) ................................................................ 10

22 *Ingram v. Flippo*, 74 Cal. App. 4th 1280 (Cal. Ct. App. 1999) ............................................ 11

23 *Javor v. Taggart*, 98 Cal. App. 4th 795 (2002) .................................................................... 11

24 *Johnson v. State of California*, 69 Cal. 2d 782 (1963) ......................................................... 13

25 *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) .......................................... 5

26 *Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) ...................................................... 3

27 *Lipman v. Brisbane Elementary Sch. Dist.*, 55 Cal. 2d 224 (1961) ................................... 12, 13

28 *Mazzola v. Feinstein*, 154 Cal. App. 3d 305 (Cal. Ct. App. 1984) ....................................... 12

*Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75 (1984) ................................................. 8

*Mitchell v. Los Angeles Cmty. Coll. Dist.,* 861 F.2d 198 (9th Cir. 1988) .............................. 6

*Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767 (1986)....................................................... 12

*Pittman v. Oregon Emp't Dep't*, 509 F.3d 1065 (9th Cir. 2007) ................................................ 10

*Quern v. Jordan*, 440 U.S. 332 (1979)............................................................................................ 6

*Quigley v. Garden Valley Fire Prot. Dist.*, 7 Cal. 5th 798 (2019) ................................................ 11

*Richards v. Dep't of Alcoholic Beverage Control*, 139 Cal. App. 4th 304 (Cal. Ct. App. 2006) ... 11

*Richardson-Tunnell v. Schs. Ins. Program for Employees*, 157 Cal. App. 4th 1056 (Cal. Ct. App. 2007)........................................................................................................................................ 11

*Roche Palo Alto LLC v. Apotex, Inc.*, 526 F. Supp. 2d 985 (N.D. Cal. 2007) ................................. 8

*San Diego Police Officers Ass'n v. San Diego City Emp. Ret. Sys.*, 568 F.3d 725 (9th Cir. 2009).. 9

*Shoemaker v. Myers*, 2 Cal. App. 4th 1407 (Cal. Ct. App. 1992)................................................... 11

*Silberg v. Anderson*, 50 Cal. 3d 205 (1990) ......................................................................... 13, 14

*Stewart v. U.S. Bancorp*, 297 F.3d 953 (9th Cir. 2002) .................................................................. 8

*Tidewater Marine W., Inc. v. Bradshaw*, 14 Cal. 4th 557 (1996) .................................................. 6

*Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914 (9th Cir. 2012)................. 7

STATUTES

28 U.S.C. § 1331 ............................................................................................................................... 5

28 U.S.C. § 1332 ............................................................................................................................... 5

42 U.S.C. § 1981 ........................................................................................................................ passim

42 U.S.C. § 1983 .................................................................................................................... 1, 4, 5, 6

42 U.S.C. § 1985 ........................................................................................................................... 1, 5

Cal. Civ. Code § 47 ................................................................................................................... 10, 13

Cal. Gov't Code § 810.................................................................................................................... 10

Cal. Gov't Code § 815.................................................................................................................... 10

Cal. Gov't Code § 815.2....................................................................................................... 10, 11, 12

Cal. Gov't Code § 818.8.................................................................................................................. 10

Cal. Gov't Code § 820.................................................................................................................... 10

Cal. Gov't Code § 820.2 ................................................................................................ 10, 12

Cal. Gov't Code § 821.6 ................................................................................................ 10, 11

Cal. Lab. Code § 21 ............................................................................................................... 6

Cal. Lab. Code § 220 ............................................................................................................. 2

Cal. Lab. Code § 79 ............................................................................................................... 6

Cal. Lab. Code § 95 ............................................................................................................. 13

Cal. Lab. Code § 98 ......................................................................................... 2, 12, 13, 14

Cal. Lab. Code § 98.1 ................................................................................................... 13, 14

Cal. Lab. Code § 98.2 ................................................................................................... 13, 14

Cal. Lab. Code § 98.3 ................................................................................................... 12, 13

Cal. Lab. Code § 98.7 ........................................................................................ 1, 12, 13, 14

RULES

Federal Rules of Civil Procedure 12 ............................................................................... 5, 7

Federal Rules of Civil Procedure 8 .................................................................................... 5

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

This action is the latest in a series of frivolous litigation Plaintiff Drevaleva has waged against Defendant DLSE throughout federal and California courts since 2016. This case, like the ones before it, stems from Plaintiff Drevaleva's disagreement with Defendant DLSE's decisions to dismiss retaliation and wage claims she filed with the agency about her previous employment with Defendant Alameda Health Systems ("Defendant AHS"). Although courts have consistently rejected her claims, Plaintiff Drevaleva attempts to relitigate them once more, this time dressed up mostly as constitutional and federal statutory violations. Like the previous actions, this case must be dismissed.

Plaintiff Drevaleva alleges Defendant DLSE violated Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §§ 1981, 1983 (under various constitutional theories), and 1985 in connection with her retaliation and wage claims. She also lists various state law claims in the caption. None of this litany of grievances states a single colorable violation of either the U.S. Constitution or federal law, however. Moreover, the action is barred by Eleventh Amendment immunity and federal and California claim preclusion, the state law claims are barred by California statutory immunities and privileges, and the Complaint in other ways fails to state claims against Defendant DLSE upon which relief can be granted. Accordingly, the Court should dismiss the Complaint with prejudice.

### II.   BACKGROUND

#### A.   Plaintiff Drevaleva Filed Retaliation and Wage Claims with Defendant DLSE Against Defendant AHS.

Plaintiff Drevaleva filed a retaliation claim with Defendant DLSE under California Labor Code section 98.7. (Compl., ECF No. 1 at p. 42.)[2] She alleged that Defendant AHS unlawfully terminated her employment on September 7, 2013, two days after she complained in writing about wage violations and unsafe working conditions. (*Id.*, at pp. 42-81-82.) She also filed a wage claim under California Labor Code section 98 claiming unpaid overtime wages, rest period premiums,

---

[2] "Any person who believes that they have been discharged or otherwise discriminated against in violation of any law under the jurisdiction of the Labor Commissioner may file a complaint with the division within one year after the occurrence of the violation." Cal. Lab. Code § 98.7(a)(1).

1 differential pay, and waiting time penalties. (*Id.*, at pp. 42, 44.)[3]

2 **B. Defendant DLSE Investigated the Retaliation Claim and Dismissed It After**
3 **Determining that Defendant AHS Terminated Plaintiff Drevaleva for a Legitimate,**
4 **Non-Retaliatory Reason.**

5 Defendant DLSE investigated the retaliation claim. Defendant AHS claimed that Plaintiff
6 Drevaleva failed to meet acceptable employment standards because her negligence seriously harmed
7 a patient. (Compl., ECF No. 1 at pp. 49, 81-82.) Defendant AHS produced an email demonstrating
8 that it terminated Plaintiff Drevaleva before she made her written complaint. (*Id.*, at p. 82.) Plaintiff
9 Drevaleva could not prove that the proferred reason for her termination was pretext for retaliation.
10 (*Id.*, at pp. 82-84.) Consequently, Defendant DLSE determined that Defendant AHS terminated
11 Plaintiff Drevaleva for a legitimate, non-retaliatory reason. (*Id.*)

12 **C. Defendant DLSE Considered the Wage Claim and Dismissed It After Determining that**
13 **the Agency Lacked Jurisdiction Since Defendant AHS Is a County Hospital.**

14 Defendant DLSE considered the wage claim, but since Defendant AHS is a county hospital
15 Defendant DLSE concluded it lacked jurisdiction under California law. (Compl., ECF No. 1 at p. 44;
16 *see* Cal. Lab. Code § 220(b) (exempting from certain Labor Code provisions "the payment of wages
17 of employees directly employed by any county"). Defendant DLSE told Plaintiff Drevaleva on
18 January 7, 2014, stating it would take no further action but also advising that Plaintiff Drevaleva
19 could nonetheless pursue her claim "through any other appropriate forum." (*Id.*)

20 **D. Plaintiff Drevaleva Sued Defendant DLSE Unsuccessfully in Federal Court.[4]**

21 Plaintiff Drevaleva filed her first federal lawsuit against Defendant DLSE (erroneously sued
22 as DIR) on December 29, 2016. (Compl., *Drevaleva v. Alameda Health Sys.*, No. 3:16-CV-07414-

23 _____

24 [3] "The Labor Commissioner is authorized to investigate employee complaints. The Labor
25 Commissioner may provide for a hearing in any action to recover wages, penalties, and other
demands for compensation, including liquidated damages if the complaint alleges payment of a wage
26 less than the minimum wage fixed by an order of the Industrial Welfare Commission or by statute,
properly before the division or the Labor Commissioner, including orders of the Industrial Welfare
27 Commission, and shall determine all matters arising under his or her jurisdiction." Cal. Lab. Code §
98(a).

28 [4] Defendant DLSE has concurrently filed a Request for Judicial Notice of relevant court records from

1  LB (N.D. Cal. Dec. 29, 2016), ECF No. 1 (Def. DLSE's RJN Ex. 1).) The Complaint contained no
2  specific claims but generally took issue with the outcomes of Plaintiff Drevaleva's retaliation and
3  wage claims and alleged that Defendant AHS lied about the circumstances leading to Plaintiff
4  Drevaleva's termination. (*See, e.g., id.* at pp. 5-6.) On March 21, 2017, the Complaint was dismissed
5  with leave to amend. (Order Dismissing Compl., *Drevaleva*, No. 3:16-CV-07414-LB (N.D. Cal. Mar.
6  21, 2017), ECF No. 36 (Def. DLSE's RJN Ex. 2).)

7  Plaintiff Drevaleva amended her Complaint on April 10, 2017, this time targeting the
8  Defendant DLSE personnel who handled her retaliation and wage claims. (Am. Compl., *Drevaleva*,
9  No. 3:16-CV-07414-LB (N.D. Cal. Apr. 10, 2017), ECF No. 40 (Def. DLSE's RJN Ex. 3).) On July
10  7, 2017, these claims were also dismissed and judgment was entered against Plaintiff Drevaleva.
11  (Order Dismissing Claims, *Drevaleva*, No. 3:16-CV-07414-LB (N.D. Cal. July 7, 2017), ECF No.
12  76 (Def. DLSE's RJN Ex. 4); Judgment, *Drevaleva*, No. 3:16-CV-07414-LB (N.D. Cal. July 7,
13  2017), ECF No. 77 (Def. DLSE's RJN Ex. 5).)

14  Following Plaintiff Drevaleva's unsuccessful appeal to the Ninth Circuit Court of Appeals
15  and Petition for Writ of Certiorari to the U.S. Supreme Court, the Ninth Circuit's Mandate issued on
16  June 8, 2020. (Mem., *Drevaleva v. Alameda Health Sys.*, No. 17-16382 (9th Cir. Dec. 26, 2019) (Def.
17  DLSE's RJN Ex. 6); Order Den. Writ of Cert., *Drevaleva v. Alameda Health Sys.*, No. 19-8012, (May
18  18, 2020) (Def. DLSE's RJN Ex. 7); Mandate, *Drevaleva v. Alameda Health Sys.*, No. 17-16382 (9th
19  Cir. June 8, 2020) (Def. DLSE's RJN Ex. 8).)

20  **E. Plaintiff Drevaleva Sued Defendant DLSE Unsuccessfully in State Court.**

21  After the dismissal of her first lawsuit, Plaintiff Drevaleva sued Defendant DLSE a second
22  time (again, erroneously as DIR), this time in state court. (Compl., *Drevaleva v. Dep't of Indus.*
23  *Relations*, No. RG17881790 (Alameda Cty. Super. Ct. Nov. 8, 2017) (Def. DLSE's RJN Ex. 9).) As
24  in the earlier lawsuit, Plaintiff Drevaleva complained about the outcomes of her retaliation and wage

25
26
27  Plaintiff Drevaleva's previous federal and California actions. A court may properly take judicial notice of "matters of public record" on a motion to dismiss. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119,
28  1125–1126 (9th Cir. 2002).

claims and alleged that Defendant AHS lied about the circumstances leading to her termination. *See generally id.* Upon Defendant DLSE's Anti-SLAPP Motion and Demurrer, Plaintiff Drevaleva's action was dismissed with prejudice on August 17, 2018. (Order re Dem. to Compl. Sustained, *Drevaleva*, No. RG17881790 (Alameda Cty. Super. Ct. Aug. 17, 2018) (Def. DLSE's RJN Ex. 10); Order re Mot. to Strike Compl. Partial Grant, *Drevaleva*, No. RG17881790 (Alameda Cty. Super. Ct. Aug. 17, 2018) (Def. DLSE's RJN Ex. 11).)

The California Court of Appeal affirmed the trial court's dismissal of Plaintiff Drevaleva's state court action on December 20, 2019. (Opinion, *Drevaleva v. Dep't of Indus. Relations*, Nos. A155165, A155187, A155899 (Cal. Ct. App. Dec. 20, 2019) (Def. DLSE's RJN Ex. 12).) The California Supreme Court and U.S. Supreme Court both subsequently denied review. (*See* Docket, *Drevaleva v. Dep't of Indus. Relations*, No. S260407 (Cal.) (Def. DLSE's RJN Ex. 13).)

**F.  Plaintiff Drevaleva Continued to Sue Defendant DLSE Unsuccessfully in Federal Court.**

Undeterred by the dismissals of her earlier actions, Plaintiff Drevaleva continued to pursue her claims in federal court. On April 26, 2021, she filed two more actions against Defendant DLSE and others in the Northern District of California. (Compl., *Drevaleva v. Alameda Health Sys.*, No. 3:21-CV-03061-EMC (N.D. Cal. Apr. 26, 2021) (Def. DLSE's RJN Ex. 14); Compl., *Drevaleva v. Dep't of Indus. Relations*, No. 3:21-CV-03063-EMC (N.D. Cal. Apr. 26, 2021) (Def. DLSE's RJN Ex. 17).) Both cases were dismissed. (Order, *Drevaleva*, No. 3:21-CV-03061-EMC (N.D. Cal. Apr. 30, 2021) (Def. DLSE's RJN Ex. 15); Order, *Drevaleva*, No. 3:21-CV-03063-EMC (N.D. Cal. Aug. 4, 2021) (Def. DLSE's RJN Ex. 18).) Her subsequent appeal to the Ninth Circuit was later dismissed as frivolous. (Order, *Drevaleva v. Alameda Health Sys.*, No. 21-15884 (9th Cir. Aug. 13, 2021) (Def. DLSE's RJN Ex. 16).)

**G.  Plaintiff Drevaleva's Current Lawsuit.**

On March 14, 2022, Plaintiff Drevaleva filed the present action. (*See generally* Compl., ECF No. 1.) The Complaint alleges several constitutional and federal statutory violations against Defendant DLSE: (1) National origin discrimination under Title VII of the Civil Rights Act of 1964; (2) Discrimination based on race, 42 U.S.C. § 1981; (3) 42 U.S.C. § 1983, Fourteenth Amendment, Equal Protection Clause; (4) § 1983, Fourteenth Amendment, Substantive Due Process; (5) § 1983,

1    Fourteenth Amendment, Procedural Due Process; (6) § 1983, Fourteenth Amendment, Procedural

2    Due Process; (16) 42 U.S.C. § 1985; (17) § 1983, Thirteenth Amendment; and (18) § 1983, Eighth

3    Amendment. (*Id.*, at pp. 85-87, 90-91.) The caption also lists various state law claims for fraud,

4    harassment, intentional infliction of emotion distress, intentional interference with a prospective

5    economic advantage, and loss of consortium. (*Id.*, at p. 1.)

6                                     **III.    ARGUMENT**

7           Plaintiff Drevaleva's Complaint must be dismissed without leave to amend. None of her

8    claims states a single colorable violation of either the U.S. Constitution or federal law. Moreover, the

9    action is barred by Eleventh Amendment immunity and federal and California claim preclusion, the

10   state law claims are barred by California statutory immunities and privileges, and the Complaint in

11   other ways fails to state claims against Defendant DLSE upon which relief can be granted.

12      **A.  The Court Lacks Subject-Matter Jurisdiction.**

13          Plaintiff Drevaleva's Complaint should be dismissed because it alleges no colorable claim

14   against Defendant DLSE under either the Constitution or federal law. Original jurisdiction may be

15   based on diversity or a federal question. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

16   For diversity jurisdiction, the opposing parties must be citizens of different states and the amount in

17   controversy must exceed $75,000. 28 U.S.C. § 1332(a). There will be federal-question jurisdiction if

18   the case "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

19          Under Rule 12(b)(1), a court may dismiss a case lacking federal subject-matter jurisdiction.

20   A complaint must contain a short and plain statement of the ground for the court's jurisdiction. Fed.

21   R. Civ. P. 8(a)(1). The plaintiff has the burden of establishing jurisdiction. *See Kokkonen v. Guardian*

22   *Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins.*

23   *Co.*, 907 F.2d 911, 912 (9th Cir. 1990).

24          Here, Plaintiff Drevaleva attempts to invoke the Court's original jurisdiction based on various

25   claims against Defendant DLSE under Title VII and §§ 1981, 1983, and 1985. (Compl., ECF No. 1

26   at pp. 85-87, 90-91.) For reasons discussed *infra*, however, the Complaint is barred by the Eleventh

27   Amendment and federal and California claim preclusion. There being no subject-matter jurisdiction

28   the Court should dismiss the Complaint without leave to amend.

**B.  The Action Is Barred by Defendant DLSE's Eleventh Amendment Immunity.**

The Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state, or citizens or subjects of any foreign state unless there has been a valid abrogation of the immunity by Congress or an express waiver by the state. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-238 (1985). This immunity extends to suits against a state agency. *See Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity).

Here, Plaintiff Drevaleva asserts several § 1983 claims against Defendant DLSE:

- (3) § 1983, Fourteenth Amendment, Equal Protection Clause;
- (4) § 1983, Fourteenth Amendment, Substantive Due Process;
- (5) § 1983, Fourteenth Amendment, Procedural Due Process;
- (6) § 1983, Fourteenth Amendment, Procedural Due Process;
- (17) § 1983, Thirteenth Amendment; and
- (18) § 1983, Eighth Amendment. (Compl., ECF No. 1 at pp. 85-87, 90-91.)

Section 1983 does not abrogate Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 341 (1979), *overruled on other grounds by Hafer v. Melo*, 502 U.S. 21, 27 (1991) *as recognized by Biggs v. N.C. Dep't of Pub. Safety*, 953 F.3d 236, 241 (4th Cir. 2020). Nor has the State of California waived its immunity against § 1983 claims brought in federal court. *Atascadero*, 473 U.S. at 241; *see also Dittman v. Cal.*, 191 F.3d 1020, 1025-1026 (9th Cir. 1999) (§ 1983 claim barred under Eleventh Amendment). Thus, since Defendant DLSE is state agency, *see* Cal. Lab. Code §§ 21, 79; *Tidewater Marine W., Inc. v. Bradshaw*, 14 Cal. 4th 557, 561 (1996), Plaintiff Drevaleva's § 1983 claims are barred.

Plaintiff Drevaleva also asserts claims against Defendant DLSE under §§ 1981 and 1985. (Compl., ECF No. 1 at pp. 85-86, 90.) However, claims against states under these statutes are also barred by the Eleventh Amendment. See *Cerrato v. San Francisco Cmty. Coll. Dist.*, 26 F.3d 968, 975 (9th Cir. 1994); *Mitchell v. Los Angeles Cmty. Coll. Dist.,* 861 F.2d 198, 201 (9th Cir. 1988). Therefore, these claims must be dismissed too.

///

## C. Federal Claim Preclusion Bars Plaintiff Drevaleva's Complaint.

Plaintiff Drevaleva cannot relitigate claims already brought (or that could have been brought) in her first federal lawsuit against Defendant DLSE. A final federal court judgment bars a subsequent action if there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 917 (9th Cir. 2012). Here, all the elements of claim preclusion are met. The Complaint consequently fails to state a claim upon which relief can be granted and must be dismissed with prejudice. Fed. R. Civ. P. 12(b)(6).

### 1. There Is an Identity of Claims Between Plaintiff Drevaleva's Federal Lawsuits.

In determining an identity of claims, federal courts consider: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Turtle Island*, 673 F.3d at 917-918 (internal citation and quotation marks omitted). The last of these factors is the most important. *Id.* at 918. Two suits "arise out of the same transactional nucleus of facts" if they are related to the same set of facts and could be conveniently tried together. *Id.*

In this instance, there is undoubtedly an identity of claims between Plaintiff Drevaleva's first federal lawsuit and the present one.

Both cases arise out of the same transactional nucleus of facts; namely, Plaintiff Drevaleva's employment with Defendant AHS and her discharge therefrom, her filing of a retaliation claim with Defendant DLSE and the agency's dismissal thereof for insufficient evidence of retaliation, her filing of a wage claim with Defendant DLSE and the agency's dismissal thereof for lack of jurisdiction, her dissatisfaction with Defendant DLSE's investigation of her retaliation complaint, and her disagreement with Defendant DLSE's decisions to dismiss her retaliation and wage claims. (*Compare* Compl., *Drevaleva*, No. 3:16-CV-07414-LB (N.D. Cal. Dec. 29, 2016), ECF No. 1 (Def. DLSE's RJN Ex. 1) *and* Am. Compl., *Drevaleva*, No. 3:16-CV-07414-LB (N.D. Cal. Apr. 10, 2017), ECF No. 40 (Def. DLSE's RJN Ex. 3) *with* Compl., ECF No. 1.) The two actions could have, and should have, been tried together.

1    In addition to the cases having the same transactional nucleus of facts, it is doubtless that the

2    rights and interests of Defendant DLSE would be destroyed or impaired by Plaintiff Drevaleva's

3    prosecution of the present action. The judgment in the first federal action established that Plaintiff

4    Drevaleva had no viable claim against Defendant DLSE; reopening the issue now would force

5    Defendant DLSE to defend itself all over again. The same evidence is also presented in both lawsuits

6    since the allegations of fact do not materially differ. Finally, the two actions involve infringement of

7    the same right in that both seek recourse for Defendant DLSE's alleged mishandling of Plaintiff

8    Drevaleva's retaliation and wage claims. All factors therefore demonstrate an identity of claims.

9        2.    <u>There Is a Final Judgment on the Merits and the Parties Are in Privity.</u>

10   As for the remaining elements federal claim preclusion, there is a final judgment on the merits

11   and privity between the parties: Plaintiff Drevaleva brought both federal lawsuits against Defendant

12   DLSE and the first action was dismissed with prejudice. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956

13   (9th Cir. 2002) ("final judgment on the merits" used interchangeably with "dismissal with

14   prejudice"); *see* Judgment, *Drevaleva*, No. 3:16-CV-07414-LB (N.D. Cal. July 7, 2017), ECF No.

15   77 (Def. DLSE's RJN Ex. 5).[5] Claim preclusion thus applies and the Court must dismiss Plaintiff

16   Drevaleva's Complaint with prejudice.

17   **D.  The Complaint Is Also Barred by California Claim Preclusion.**

18   Similar to federal claim preclusion, Plaintiff Drevaleva cannot use this lawsuit to relitigate

19   claims already (or that could have been) adjudicated in her earlier state court action against Defendant

20   DLSE. "[A] federal court must give to a state-court judgment the same preclusive effect as would be

21   given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren

22   City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).

23   Under California law, claim preclusion "prevents relitigation of the same cause of action in a

24   second suit between the same parties or parties in privity with them." *DKN Holdings LLC v. Faerber*,

25

---

26   [5] While the pendency of an appeal does not alter the preclusive effect of a judgment, Plaintiff
Drevaleva has exhausted all of her appeals. *Roche Palo Alto LLC v. Apotex, Inc.*, 526 F. Supp. 2d
27   985, 998 (N.D. Cal. 2007); Mem., *Drevaleva*, No. 17-16382 (9th Cir. Dec. 26, 2019) (Def. DLSE's
RJN Ex. 6); Order Den. Writ of Cert., *Drevaleva*, No. 19-8012, (May 18, 2020) (Def. DLSE's RJN
28   Ex. 7); Mandate, *Drevaleva*, No. 17-16382 (9th Cir. June 8, 2020) (Def. DLSE's RJN Ex. 8).

1    61 Cal. 4th 813, 824 (2015). Thus, claim preclusion applies if a second action (1) raises the same

2    cause of action, (2) between the same parties (3) after a final judgment on the merits in a first action.

3    *Id.* A "cause of action" is the same if the two actions involve the same injury to the plaintiff and the

4    same wrong by the defendant. *San Diego Police Officers Ass'n v. San Diego City Emp. Ret. Sys.*, 568

5    F.3d 725, 734 (9th Cir. 2009); *see also Boyd v. Freeman*, 18 Cal. App. 5th 847, 855 (Cal. Ct. App.

6    2017) (discussing California's definition of a single "cause of action").

7          Here, Plaintiff Drevaleva's earlier state court action and the present lawsuit both arise from a

8    single "cause of action"; namely, again, Plaintiff Drevaleva's employment with Defendant AHS and

9    her discharge therefrom, her filing of a retaliation claim with Defendant DLSE and the agency's

10   dismissal thereof for insufficient evidence of retaliation, her filing of a wage claim with Defendant

11   DLSE and the agency's dismissal thereof for lack of jurisdiction, her dissatisfaction with Defendant

12   DLSE's investigation of her retaliation complaint, and her disagreement with Defendant DLSE's

13   decisions to dismiss her retaliation and wage claims. (*Compare* Compl., *Drevaleva*, No.

14   RG17881790 (Alameda Cty. Super. Ct. Nov. 8, 2017) (Def. DLSE's RJN Ex. 9) *with* Compl., ECF

15   No. 1.)

16         The parties in both actions are in privity as both plaintiff and defendant are identical.

17         Finally, Plaintiff Drevaleva's earlier state court action ended in a final judgment on the merits

18   upon Defendant DLSE's Anti-SLAPP Motion and Demurrer. (Order re Dem. to Compl. Sustained,

19   *Drevaleva*, No. RG17881790 (Alameda Cty. Super. Ct. Aug. 17, 2018) (Def. DLSE's RJN Ex. 10);

20   Order re Mot. to Strike Compl. Partial Grant, *Drevaleva*, No. RG17881790 (Alameda Cty. Super.

21   Ct. Aug. 17, 2018) (Def. DLSE's RJN Ex. 11).) Plaintiff Drevaleva thereafter exhausted all of her

22   appeals. (Opinion, *Drevaleva*, Nos. A155165, A155187, A155899 (Cal. Ct. App. Dec. 20, 2019)

23   (Def. DLSE's RJN Ex. 12); Docket, *Drevaleva*, No. S260407 (Cal.) (Def. DLSE's RJN Ex. 13).)

24         Plaintiff Drevaleva's Complaint is thus barred by both federal and California claim preclusion

25   and must be dismissed with prejudice.

26   ///

27   ///

28   ///

**E. Plaintiff Drevaleva Cannot Assert a Title VII Claim Against Defendant DLSE Because There Was No Employment Relationship.**

Plaintiff Drevaleva alleges Defendant DLSE violated Title VII of the Civil Rights Act of 1964. (Compl., ECF No. 1 at p. 85.) Title VII prohibits *employment* discrimination. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). Since there was no employment relationship between Plaintiff Drevaleva and Defendant DLSE this claim must be dismissed without leave to amend.

**F. Defendant DLSE Cannot Be Liable Under § 1981 Because There Is No Private Right of Action Against States.**

Section 1981 establishes that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a). It does not, however, contain a cause of action against states. *Pittman v. Oregon Emp't Dep't*, 509 F.3d 1065, 1074 (9th Cir. 2007). Thus, Defendant DLSE cannot be liable under § 1981 and this claim must be dismissed without leave to amend.

**G. Statutory Immunities and Privileges Bar Plaintiff Drevaleva's State Law Claims Against Defendant DLSE.**

Insofar as Plaintiff Drevaleva asserts the state law claims on the caption page against Defendant DLSE, the agency is immune from liability under California Government Code sections 815.2(b), 818.8, 821.6, and 820.2, and California Civil Code section 47(b).

1. Defendant DLSE Is Immune from Liability for Injury Caused by the Investigation and Determination of Matters Within Its Purview.

Pursuant to the California Tort Claims Act, Cal. Gov't Code § 810 *et seq.*, public entities are immune from tort liability except as provided by statute, *id.*, § 815(a), public employees are liable for their torts except as otherwise provided by statute, *id.*, § 820(a), public entities are vicariously liable for the torts of their employees acting within the scope of their employment, *id.*, § 815.2(a), and, significantly, public entities are immune where their employees are immune, except as otherwise provided by statute. *Id.*, § 815.2(b).

///

1    Under California Government Code section 821.6, "A public employee is not liable for injury

2    caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of

3    his employment, even if he acts maliciously and without probable cause." The immunity extends to

4    the public entity employer. Cal. Gov't Code § 815.2(b). The purpose of this immunity "is to

5    encourage fearless performance of official duties" such that public employees (and by extension the

6    public entities that employ them) "are encouraged to investigate and prosecute matters within their

7    purview without fear of reprisal from the person or entity harmed thereby." *Shoemaker v. Myers*, 2

8    Cal. App. 4th 1407, 1422 (Cal. Ct. App. 1992); Cal. Gov't Code § 815.2(b).

9    Although this statute has been primarily applied to immunize prosecuting attorneys and

10   similar individuals from liability, it is not restricted to such personnel and applies to all employees

11   of a public entity, including those who prosecute administrative disciplinary proceedings. *Asgari v.*

12   *City of Los Angeles*, 15 Cal. 4th 744, 756–757 (1997); *Javor v. Taggart*, 98 Cal. App. 4th 795, 808–

13   811 (2002) (acts of employee of the Uninsured Employers Fund in seeking reimbursement from an

14   uninsured employer were immune). This immunity has also been extended to torts besides false

15   imprisonment or false arrest. *Cappuccio, Inc. v. Harmon*, 208 Cal. App. 3d 1496 (Cal. Ct. App. 1989)

16   (defamation); *Javor*, 98 Cal. App. 4th at 808–811 (slander and clouding of title, intentional infliction

17   of emotional distress, and negligence).

18   California courts construe the statutory immunity broadly. *Doe v. State*, 8 Cal. App. 5th 832,

19   843-844 (Cal. Ct. App. 2017). Thus, the immunity has been found to cover the act of filing or

20   prosecuting a judicial or administrative complaint and acts and statements made in investigations

21   preliminary to such proceedings, even if formal action is not ultimately pursued. *Richardson-Tunnell*

22   *v. Schs. Ins. Program for Employees*, 157 Cal. App. 4th 1056, 1062 (Cal. Ct. App. 2007), *disapproved*

23   *on another ground in Quigley v. Garden Valley Fire Prot. Dist.*, 7 Cal. 5th 798, 815 n.8 (2019); *see,*

24   *also e.g., Ingram v. Flippo*, 74 Cal. App. 4th 1280, 1291–1293 (Cal. Ct. App. 1999) (statements in a

25   press release about an investigation were part of the prosecution process and immune); *Richards v.*

26   *Dep't of Alcoholic Beverage Control*, 139 Cal. App. 4th 304, 317–318 (Cal. Ct. App. 2006)

27   (immunity applied to statements made by defendant's employees during investigation of liquor

28   license violations and preparation for formal proceedings to remedy these violations).

-11-

1    Here, Defendant DLSE investigated Plaintiff Drevaleva's retaliation and wage claims to

2  determine whether they warranted further administrative or judicial action. Cal. Lab. Code §§

3  98.7(b)(1)–(d)(1), 98. The acts and statements Plaintiff Drevaleva sues over were done or made by

4  Defendant DLSE employees as part of this prosecution process. (Compl., ECF No. 1 at pp. 42-85.)

5  The acts and statements were also done or made during investigations within the scope of

6  employment. (Compl., ECF No. 1 at pp. 85-87, 90-91.)[6] In other words, the acts and statements were

7  done or made during investigations by employees responsible for conducting the inquiries ultimately

8  to provide a basis for Defendant DLSE to determine whether to act against Defendant AHS. Cal.

9  Lab. Code §§ 98, 98.3, 98.7(b)(1)–(d)(1). Defendant DLSE is therefore immune under California

10  Government Code section 821.6 and the state law claims are barred.

11    2.   Defendant DLSE Is Immune from Liability for Injury Caused by Its Discretionary Acts.

12    Under California law, public entities are not liable for injury resulting from their discretionary

13  acts. Cal. Gov't Code §§ 815.2(b), 820.2. Generally, this immunity "is reserved for those '*basic*

14  *policy decisions* [which have] . . . been [expressly] committed to coordinate branches of government,'

15  and as to which judicial interference would thus be 'unseemly.' " *Barner v. Leeds*, 24 Cal. 4th 676,

16  685 (2000) (quoting *Caldwell v. Montoya*, 10 Cal. 4th 972, 981 (1995)) (original emphasis; bracketed

17  text added by *Caldwell*). Ministerial decisions that merely implement basic policy already

18  formulated, by contrast, are not entitled to immunity. (*Barner*, 24 Cal. 4th at 685.)

19    In defining the scope of this immunity, California courts have held that it applies not only to

20  acts essential to the accomplishment of the main purposes for which a public entity was created but

21  also to acts which, although only incidental and collateral, further those purposes. *Lipman v. Brisbane*

22  *Elementary Sch. Dist.*, 55 Cal. 2d 224, 233 (1961), *partially abrogated on other grounds by*

23  *Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767 (1986) *as recognized by Brown v. Kelly*

24  *Broad. Co.*, 48 Cal. 3d 711, 753 n.37 (1989); *see also Johnson v. State of California*, 69 Cal. 2d 782,

25

26  _____

27  [6] Under California law, an employee acts in the course and scope of his employment when he is
   engaged in work he was employed to perform, or when the act is incident to his duty and is performed

28  for the benefit of his employer, not to serve his own purposes or convenience. *Mazzola v. Feinstein*,
   154 Cal. App. 3d 305, 311 (Cal. Ct. App. 1984).

1   789 n.4 (1963) ("The Legislature in fact specifically approved the *Lipman* approach in defining

2   'discretionary' acts."); Sen. Legis. Committee Com., Gov't Code § 820.2 (codifying *Lipman inter*

3   *alia*). Thus, in *Lipman*, 55 Cal. 2d at 230, 234, school district trustees authorized to investigate a

4   superintendent's fitness for employment were immune from liability for injury resulting from their

5   investigation. And in *Caldwell*, 10 Cal. 4th at 982-983, school district board members authorized to

6   make a personnel decision were immune from liability for injury resulting from things they said or

7   considered in their deliberations and from their candid explanations of their decision.

8       Here, Defendant DLSE is the public entity responsible to enforce California's labor laws.

9   Cal. Lab. Code § 95(a). The Legislature authorized it to investigate and make determinations about

10   retaliation and wage claims. *Id.*, at §§ 98, 98.1, 98.2 (relating to wage claims); § 98.7 (relating to

11   retaliation claims). Fundamental to that authority are basic policy decisions expressly committed to

12   Defendant DLSE's discretion. *Id.* In retaliation claims, these include discretion whether and how to

13   interview witnesses, what documents to review, whether to hold an investigative hearing, and

14   whether retaliation occurred. *Id.*, at § 98.7(b)(1). In wage claims, these include discretion about

15   whether Defendant DLSE has jurisdiction; whether to hold a hearing, take other action, or take no

16   action; and whether a violation occurred. *Id.*, at §§ 98(a), 98.1(a), 98.3. Since Plaintiff Drevaleva's

17   state law claims concern Defendant DLSE's discretionary acts in these regards, as well as the

18   agency's other acts that furthered its investigations and determinations of the retaliation and wage

19   claims, the claims are barred under California Government Code section 820.2.

20       3.   Statements by Defendant DLSE in the Course of Its Investigation and Determination of

21           the Retaliation Complaint and Wage Claim Are Privileged.

22       The various statements by Defendant DLSE that Plaintiff Drevaleva complains about in this

23   case are privileged under California law and not actionable. A privilege communication is made "in

24   the proper discharge of an official duty [¶] . . . in any . . . official proceeding authorized by law." Cal.

25   Civ. Code § 47(a), (b)(3). The privilege "assure[s] utmost freedom of communication between

26   citizens and public authorities whose responsibility is to investigate and remedy wrongdoing."

27   *Silberg v. Anderson*, 50 Cal. 3d 205, 213 (1990). It applies "to any communication (1) made in [any

28   legislative, judicial, or other official proceeding authorized by law]; (2) by litigants or other

-13-

1   participants authorized by law; (3) to achieve the objects of the [proceeding]; (4) that have some

2   connection or logical relation to the [proceeding]." *Id.*

3          Here, Plaintiff Drevaleva objects to several statements by Defendant DLSE in its

4   investigation and determination of her retaliation and wage claims; namely, statements describing

5   Plaintiff Drevaleva's grievances or reporting the agency's analyses and decisions to her. But since

6   the investigations and determinations are official proceedings authorized by law, Cal. Lab. Code §§

7   98, 98.1, 98.2 (relating to wage claims); § 98.7 (relating to retaliation claims), Defendant DLSE's

8   statements are absolutely privileged. *See, e.g., Braun v. Bureau of State Audits*, 67 Cal. App. 4th

9   1382, 1389 (Cal. Ct. App. 1998) (state "investigative audit" was "official proceeding" under section

10  47; "statements made in furtherance of" the audit and its "report" were "protected by the absolute

11  privilege" of section 47). Therefore, to the extent Plaintiff Drevaleva predicates her state law claims

12  on these statements the Court must dismiss the claims with prejudice.

13                                  **IV.   CONCLUSION**

14         The Court lacks subject-matter jurisdiction. The action is also barred by Eleventh

15  Amendment immunity and federal and California claim preclusion, the state law claims are barred

16  by California statutory immunities and privileges, and the Complaint in other ways fails to state

17  claims against Defendant DLSE upon which relief can be granted. Accordingly, the Court must

18  dismiss the Complaint with prejudice.

19

20  Dated: May 5, 2022                                STATE OF CALIFORNIA,
                                             DEPARTMENT OF INDUSTRIAL RELATIONS,
21                                                 DIVISION OF LABOR STANDARDS
                                                          ENFORCEMENT
22

23

24                                    By:_____/s/ Nicholas Patrick Seitz_____
                                                  Nicholas Patrick Seitz, Esq.
25                                                  Attorney for Defendant,
                                             Division of Labor Standards Enforcement
26

27

28

                                                -14-

1   Nicholas Patrick Seitz, Esq. (SBN 287568)
    nseitz@dir.ca.gov
2   STATE OF CALIFORNIA
    DEPARTMENT OF INDUSTRIAL RELATIONS
3   DIVISION OF LABOR STANDARDS ENFORCEMENT
    464 W. 4th Street, Suite 348
4   San Bernardino, CA 92401
    Telephone: (909) 521-3853
5   Facsimile:  (415) 703-4807

6   Attorney for Defendant,
    State of California, Department of Industrial Relations,
7   Division of Labor Standards Enforcement (erroneously sued
    as the California Department of Industrial Relations)

8

9                   UNITED STATES DISTRICT COURT

10      NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11

12  TATYANA EVGENIEVNA DREVALEVA,          Case No. 22-CV-01585-EMC
                                            Related Case No. 22-CV-01984-EMC
13                Plaintiff,                Related Case No. 22-CV-02068-EMC

14      v.                                  **[PROPOSED] ORDER RE DEFENDANT
                                            DIVISION OF LABOR STANDARDS
15  ALAMEDA HEALTH SYSTEM;                  ENFORCEMENT'S MOTION TO
    THE CALIFORNIA DEPARTMENT OF            DISMISS PLAINTIFF DREVALEVA'S
16  INDUSTRIAL RELATIONS (THE DIR)          COMPLAINT**

17                Defendants.               Judge: Hon. Edward M. Chen
                                            Courtroom: 5
18                                          Date:  June 16, 2022
                                            Time: 1:30 p.m.
19

20          Upon consideration of all papers filed in support of and in opposition (if any) to Defendant

21  State of California, Department of Industrial Relations, Division of Labor Standards Enforcement

22  ("Defendant DLSE") (erroneously sued as the California Department of Industrial Relations)

23  Request for Judicial Notice, and any documents contained in the case file, and in consideration of

24  oral argument in this matter (if any), the Court GRANTS Defendant DLSE's Motion to Dismiss. The

25  Court lacks subject-matter jurisdiction. The action is also barred by Eleventh Amendment immunity

26  and federal and California claim preclusion, the state law claims are barred by California statutory

27  immunities and privileges, and the Complaint in other ways fails to state claims against Defendant

28  DLSE upon which relief can be granted. Plaintiff Drevaleva's Complaint is dismissed without leave

                                            -1-

to amend. Judgment shall be entered separately forthwith.

**IT IS SO ORDERED.**

Dated: _____          _____

Hon. Edward M. Chen
U.S. District Court Judge

1  Nicholas Patrick Seitz, Esq. (SBN 287568)
   nseitz@dir.ca.gov
2  STATE OF CALIFORNIA
   DEPARTMENT OF INDUSTRIAL RELATIONS
3  DIVISION OF LABOR STANDARDS ENFORCEMENT
   464 W. 4th Street, Suite 348
4  San Bernardino, CA 92401
   Telephone:  (909) 521-3853
5  Facsimile:   (415) 703-4807

6  Attorney for Defendant,
   State of California, Department of Industrial Relations,
7  Division of Labor Standards Enforcement (erroneously sued
   as the California Department of Industrial Relations)

8

9                    UNITED STATES DISTRICT COURT

10        NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11

12  TATYANA EVGENIEVNA DREVALEVA,         Case No. 22-CV-01585-EMC
                                          Related Case No. 22-CV-01984-EMC
13                 Plaintiff,             Related Case No. 22-CV-02068-EMC

14    v.                                  **CERTIFICATE OF SERVICE**

15  ALAMEDA HEALTH SYSTEM;
    THE CALIFORNIA DEPARTMENT OF
16  INDUSTRIAL RELATIONS (THE DIR)

17                 Defendants.

18

19        I, the undersigned, hereby certify that I am an employee of Defendant State of California,

20  Department of Industrial Relations, Division of Labor Standards Enforcement.

21        That my business address and place of mailing is 455 Golden Gate Avenue, 9th Floor, San

22  Francisco, CA 94102.

23        That on May 5, 2022, I served a true and correct copy(ies) of the document(s) hereinafter

24  listed by enclosing said copy(ies) in a sealed envelope or package addressed to the person(s)

25  hereinafter listed, by placing the envelope or package for collection and mailing, following our

26  ordinary business practices.

27        That I am readily familiar with this business's practice for collecting and processing

28  correspondence for mailing.

-1-

1   That on the same day correspondence is placed for collection and mailing, it is deposited in

2   the ordinary course of business with the United States Postal Service, in a sealed envelope with

3   postage fully paid.

4

5   Document(s) served:

6   1.  Defendant Division of Labor Standards Enforcement's Notice of Motion and Motion to

7       Dismiss Plaintiff Drevaleva's Complaint for (1) Lack of Jurisdiction; (2) Eleventh

8       Amendment Immunity (Fed. R. Civ. P. 12(b)(1)); and (3) Failure to State a Claim (Fed. R.

9       Civ. P. 12(b)(6)); Memorandum of Points and Authorities

10  2.  [Proposed] Order re Defendant Division of Labor Standards Enforcement's Motion to

11      Dismiss Plaintiff Drevaleva's Complaint

12

13  Person(s) served:

14  Tatyana Evgenievna Drevaleva, Plaintiff in Pro Per

15  1099 Fillmore St., Apt. 5N

16  San Francisco, CA 94115

17

18  I declare under penalty of perjury under the laws of the United States that the foregoing is

19  true and correct.

20

21  Dated:   May 5, 2022

22                                                      Mary Ann Galapon

23

24

25

26

27

28