UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATYANA EVGENIEVNA DREVALEVA,<br>Plaintiff,<br>v.<br>ALAMEDA HEALTH SYSTEM, et al.,<br>Defendants. | Case No. 22-cv-01585-EMC<br><br>**ORDER DENYING PLAINTIFF'S AFFIDAVIT OF BIAS AND PREJUDICE; GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT; AND DENYING OTHER MISCELLANEOUS MOTIONS**<br><br>Docket Nos. 22, 23, 24, 33, 35, 47, 54, 57 |

## I. INTRODUCTION

Plaintiff Tatyana Drevaleva sued her former employer Alameda Health System (AHS) for unlawful termination under the Constitution, various federal statutes, and state law. She also alleged similar claims against the California Department of Industrial Relations (DIR) because one of its divisions, the Division of Labor Standards Enforcement (DLSE), adjudicated her labor claims against AHS. This Order addresses the following pending motions and requests:

1. Drevaleva's Affidavit of Bias and Prejudice under 28 U.S.C. § 144 (Docket No. 23)
2. DLSE's Motion to Dismiss (Docket No. 22)
3. Drevaleva's Request for Entry of Default against DIR (Docket No. 33)
4. AHS's Motion to Dismiss (Docket No. 24)
5. Drevaleva's Administrative Motion to Extend Deadline to File Amended Complaint (Docket No. 35)
6. Drevaleva's Administrative Motion to Extend Deadline to Serve AHS with Summons (Docket No. 47)

7. Drevaleva's Administrative Motion to Relate Cases (Docket No. 54)

8. Drevaleva's Administrative Motion For An Order To Serve California Secretary of State (Docket No. 57).

## II. FACTUAL BACKGROUND

AHS hired plaintiff as a monitor technician in 2013. (Docket No. 1 at ¶ 6.) A few months later, Drevaleva sent a letter to her manager questioning her employee status, unpaid shift differentials, unpaid overtime, AHS's failure to give work breaks, and the denial of her request for union affiliation. (*Id.* at ¶ 31.) AHS subsequently terminated her. (*Id.* at ¶ 32.) Shortly afterwards, Drevaleva filed unlawful retaliation and wage claims against AHS with DLSE. (*Id.* at ¶ 44.) DLSE determined that AHS terminated Drevaleva for a non-discriminatory reason and that she failed to show pretext. (*Id.* at ¶¶ 46, 47, 94.)

Since then, Drevaleva has brought dozens of cases against AHS and DIR/DLSE in state and federal courts relating to, or deriving from, AHS's termination and DLSE's adjudication. She also has sued a number of state and federal judges that found against her as well as counsel representing AHS and DLSE. She is deemed a vexatious litigant by the California First District of Appeal. *See Drevaleva v. Alameda Health Sys.*, No. A158862, 2020 Cal. App. Unpub. LEXIS 6321 (Cal. Ct. App. Sept. 28, 2020).

## III. DREVALEVA'S DEMAND TO DISQUALIFY (DOCKET NO. 23)

Drevaleva has requested to disqualify the undersigned judge from this and other related cases under 28 U.S.C. § 144.

A. Legal Standard

Section 144 provides in relevant part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144.

Relief under Section 144 requires the filing of a timely and legally sufficient affidavit. *See United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir.1997) (per curiam). The substantive

standard to determine legal sufficiency is "[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Id.* (brackets and internal quotation marks omitted). The presiding judge has the authority to "pass upon [the affidavit's] legal sufficiency." *United States v. Azhocar*, 581 F.2d 735, 739 (9th Cir. 1978). After the judge determines that "the legal sufficiency of the affidavit has been established," the motion is "referred to another judge for a determination of its merits." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980) (citations omitted); *accord* Civ. L.R. 3-14.

B. <u>Drevaleva's Affidavit Is Legally Insufficient</u>

Drevaleva's affidavit alleges bias and prejudice on three grounds: (1) the undersigned judge has consistently ruled against Drevaleva in previous cases; (2) Drevaleva believes that the undersigned judge had *ex parte* communications with an "unknown person" who filed DLSE's motion to dismiss; (3) Drevaleva "suspects" that AHS's counsel or the "unknown person" bribed the undersigned judge to rule against her.

Drevaleva's first ground is legally insufficient. "The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). This Court has already explained such to Drevaleva in a previous proceeding. *See Drevaleva v. Justices of the Cal. Court of Appeal*, No. 20-cv-07017-EMC, 2021 U.S. Dist. LEXIS 250742, at *3 (N.D. Cal. May 3, 2021) (holding court's previous adverse rulings legally insufficient for recusal as they "were predicated on what it learned from its participation in the case, and not an extrajudicial source").

Drevaleva's second ground rests on conjecture. She insists that the "unknown person" who filed DLSE's motion to dismiss has violated a number of rules, including "listing invalid legal arguments." (Docket No. 23 at 3.) For the person to do so "without any fear to be prosecuted by Judge Chen," she speculates, must mean that person had *ex parte* communications with the undersigned judge. (*Id.*) That argument is legally insufficient as recusal is not warranted under § 144 based on speculation. *See Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993); *Clemens v. United States Dist. Court for Cent. Dist. of Cal.*, 428 F.3d 1175, 1180 (9th Cir. 2005) (noting speculative allegations of bias insufficient to warrant recusal).

3

1    Drevaleva's final reason is speculative by her own admission. Instead of alleging specific

2 facts, she "suspects" that the undersigned judge "could have been possibly bribed." (Docket No.

3 23 at 1.) But in her own affidavit, Drevaleva freely admits, and even "emphasiz[es]" that "the

4 allegation of a bribe is only [her] allegation that is not supported by any piece of evidence." (*Id.* at

5 4.) Such conjecture is legally insufficient as explained above.

6    For the foregoing reasons, Drevaleva's request to disqualify is **DENIED**.

### IV.    DLSE'S MOTION TO DISMISS (DOCKET NO. 22)

DLSE moves to dismiss the complaint without leave to amend because (1) Drevaleva fails to allege colorable claims against it under the Constitution and federal law, (2) the Eleventh Amendment bars this action, (3) claim preclusion bars this action, and (4) statutory immunities and privileges bar state law claims. Because the Eleventh Amendment clearly bars this action against DLSE, this Court does not address the other grounds.

A.    DLSE's Motion to Dismiss Is Granted Because the Eleventh Amendment Bars This Action

DLSE is immune from this suit under the Eleventh Amendment to the U.S. Constitution. That Amendment bars from federal courts suit against a state by its own citizens, citizens of another state, or citizens or subjects of any foreign state. *See Atascadero State Hosp. V. Scanlon*, 473 U.S. 234, 237–38 (1985). Eleventh Amendment immunity extends to suits against a state agency. *See Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 725 (9th Cir. 2009) (California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity). Here, California has not waived sovereign immunity and DLSE is a state agency within the DIR. *See* Labor Code §§ 21, 79. DLSE is thus immune from the suit. Drevaleva does not meaningfully respond to this argument.[1]

Drevaleva argues that the Court should strike DLSE's motion to dismiss based on four

---

[1] Drevaleva baselessly asks this Court to compel DIR's director to appear in this case to answer her whether California would waive sovereign immunity. (Docket No. 27 at 24.) If the State refuses to waive immunity, she claims that she would show, in a separate filing, that this case must nonetheless proceed under *Allen v. Cooper*, 140 S. Ct. 994 (2020). (*Id.* at 25.) But that case only concerns abrogation of the Eleventh Amendment in copyright suits. Drevaleva also cites Title VI of the Civil Rights Act, 42 U.S.C. Section 2000d-7(a)(1) (*id.* at 25–26), but she did not plead that claim. Regardless, she has not shown that DIR and DLSE are "recipients of Federal financial assistance" as a Title VI claim would require. 42 U.S.C. § 2000d-7(a)(1).

4

procedural grounds—all meritless.  First, she demands that this Court verify the electronic signature of DLSE's counsel, Nicolas P. Seitz, accompanying DLSE's motion to dismiss, citing Local Rule 5-1(h)(1).  (Docket No. 34 at 8.)  But that rule does not require the court to so verify.

Second, Drevaleva contends that DLSE is not a named defendant and thus cannot appear on behalf of the DIR.  (*Id.*)  But DLSE is a division of the DIR and the complaint concerns DLSE's deputy labor commissioners' handling of her labor claims.  Nowhere does Drevaleva allege wrongdoing by any other division of the DIR.  Regardless, DIR would have been immune from this suit under the Eleventh Amendment as DLSE is.

Third, Drevaleva requests striking the motion because counsel has not filed a notice of appearance under Local Rule 5-2, but cites no authority for her requested relief.  Finally, Drevaleva argues that DLSE failed to attach affidavits or declarations to its motion, allegedly in violation of Civil Local Rule 7-2(d).  Not so.  DLSE's motion does not include factual allegations except those supported by the documents subject to judicial notice.[2]  *See Harms v. Bank of N.Y. Mellon*, No. C 16-01585 CW, 2017 U.S. Dist. LEXIS 236423, at *15 (N.D. Cal. Apr. 5, 2017) (rejecting argument that motion to dismiss must be accompanied by affidavit or declaration to comply with Local Rule 7-2(d)).

B.  <u>The Complaint Is Dismissed Without Leave to Amend</u>

If a court dismisses a complaint, it should give leave to amend unless the "the pleading could not possibly be cured by the allegation of other facts."  *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

Five years ago, this Court dismissed Drevaleva's claims against the DIR on precisely the same ground of the Eleventh Amendment.  *See Drevaleva v. Alameda Health Sys.*, No. 16-cv-07414-LB, 2017 U.S. Dist. LEXIS 40778, at *5–*6 (N.D. Cal. Mar. 21, 2017) (holding DIR immune from suit under Eleventh Amendment and dismissing complaint).  The Court gave her leave and ultimately dismissed her amended complaint as well.  *See Drevaleva v. Alameda Health*

---

[2] DLSE requests this Court take judicial notice of several documents from previous court proceedings involving the parties.  (Docket Nos. 22-1, 22-2.)  Because they are not necessary for the Court's holding, the request is denied as moot.

5

*Sys.*, No. 16-cv-07414-LB, 2017 U.S. Dist. LEXIS 105398 (N.D. Cal. Jul. 7, 2017). Now, she again brought claims arising from the same operative facts against DIR. The three iterations of pleadings show that Drevaleva's complaint could not possibly be cured by the allegation of other facts. The Court therefore **GRANTS** DLSE's Motion to Dismiss without leave to amend.

## V. DREVALEVA'S REQUEST FOR ENTRY OF DEFAULT AGAINST DIR (DOCKET NO. 33)

Drevaleva requests the Clerk of this Court enter default against DIR because it has failed to plead or otherwise defend this lawsuit. (Docket No. 33 at 8.) For the purpose of this case, DIR should be deemed to have appeared through DLSE. As explained above, DLSE is a division of the DIR and the complaint concerns the handling of Drevaleva's labor claims by DLSE's deputy labor commissioners. Nowhere does Drevaleva allege wrongdoing by any other division of the DIR.

Regardless, DIR would have been immune from this suit under the Eleventh Amendment for the same reason that DLSE does. The Court thus **DENIES** this request.

## VI. AHS'S MOTION TO DISMISS (DOCKET NO. 24)

AHS moves to dismiss the complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for being barred by the statute of limitations and claim preclusion under Rule 12(b)(6). It also moves for a more definite statement under 12(e) in the alternative.

A. Legal Standard

Original jurisdiction may be based on diversity or a federal question. Federal-question jurisdiction exists if the case "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under Federal Rule of Civil Procedure 12(b)(1), a court may dismiss a case for lack of federal subject-matter jurisdiction. The plaintiff has the burden of establishing jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). If a court dismisses a complaint, it should give leave to amend unless "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc.*, 911 F.2d at 247.

B. <u>Analysis</u>

Drevaleva invoked this Court's original jurisdiction based on a federal question allegedly because "multiple [f]ederal statutes are involved" (Docket No. 1 at ¶ 2), but she has not shown that this court can exercise federal-question jurisdiction over the federal claims against AHS. Without subject matter jurisdiction, this Court does not have supplemental jurisdiction to hear her state claims either.

1. <u>Most of Drevaleva's Federal Claims are Inapplicable on Their Face</u>

As this Court has repeatedly warned Drevaleva in previous proceedings, "Even allowing for the latitude that is granted *pro se* litigants, a plaintiff cannot simply list a welter of federal statutes . . . and then flatly claim that these 'are applicable' to establish federal-question jurisdiction." *Drevaleva v. Alameda Health Sys.*, No. 16-cv-07414-LB, 2017 U.S. Dist. LEXIS 87601, at *5–*6 (N.D. Cal. Jun. 7, 2017); *see also Drevaleva v. Alameda Health Sys.*, No. 21-cv-03061-EMC, slip. op. at 1 (N.D. Cal. Apr. 30, 2021) ("Although Ms. Drevaleva refers to a litany of federal statutes in her petition, she does not explain how any of these are applicable to her claim against AHS."). But she has disregarded those warnings here.

Specifically, Drevaleva cites the Fair Labor Standards Act (FLSA) 29 U.S.C. § 215(a)(3) without explaining how her allegations trigger this statute. The FLSA establishes minimum wage, overtime pay, recordkeeping, and youth employment standards. Section 215(a)(3) generally prohibits discharging any employee "because such employee has filed complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]." Even generously construed, the complaint does not allege such facts. Similarly, Drevaleva broadly asserts retaliation and unlawful termination under the Occupational Health and Safety Act, the National Labor Relations Act, and the Labor Management Relations Act without even specifying which sections under the Acts are violated.

Her claims under the Fourteenth Amendment, Title VII, and 42 U.S.C. sections 1981, 1983 for discrimination against her Caucasian race and Russian origin fail at least because AHS was not a state actor by her own admission. *See* Docket No. 39 at 14 ("However, I can demonstrate by the preponderance of the evidence that during my employment from April 01, 2013 to September 07,

7

2[0]13 my former employer who named itself the Alameda Health System (the AHS) as opposed to the Alameda County Medical Center (the ACMC) *was a private employer*, and the AHS was not a Public Agency pursuant to the Cal. Gov. C. §§ 900.4, 53050, and 53051.") (emphasis added). This Court has previously dismissed her claim under 42 U.S.C. § 1983 against AHS for failing to allege that AHS was a state actor. *See Drevaleva v. Alameda Health Sys.*, No. 21-cv-03061-EMC, slip. op. at 1–2 (N.D. Cal. Apr. 30, 2021). And as previously, her claim that "AHS conspired with state actors . . . is entirely speculative and not based on specific factual allegations." (*Id.* at 2.)

    2.       <u>The Rest of Drevaleva's Claims are Frivolous</u>

Drevaleva's RICO claim is facially invalid and frivolous. She alleges that "AHS initially compelled [her] to sign a [union affiliation] document" but "later rescinded [her] affiliation to the [u]nion" by destroying that document without her knowledge. (Docket No. 1 at ¶ 17.) But AHS's alleged denial of Drevaleva's affiliation to the union is not a "racketeering activity" within the definition of 18 U.S.C. Section 1961.

Drevaleva baselessly alleges violation of the Thirteenth Amendment. That Amendment "was adopted with reference to conditions existing since the foundation of our Government, and the term involuntary servitude was intended to cover those forms of compulsory labor akin to African slavery which in practical operation would tend to produce like undesirable results." *Butler v. Perry*, 240 U.S. 328, 332 (1916). She claims to be "coerced" into working as a caregiver to elderly and disabled people after getting fired by AHS. (Docket No. 1 at ¶ 113.) There is no allegation that AHS in any way compelled her to work as a caregiver or that her work is remotely akin to slavery.

Drevaleva also frivolous alleges AHS's termination of her to be a cruel and unusual punishment under the Eighth Amendment. "The Cruel and Unusual Punishments Clause was designed to protect those convicted of crimes." *Whitley v. Albers*, 475 U.S. 312, 318 (1986) (internal quotation marks and citation omitted). The complaint does not allege that she is convicted of any crime for which she is being punished by AHS.

### 3. The Court Denies Leave to Amend as Drevaleva Has Had Three Chances to Plead Her Claims and Res Judicata Would Render Any Amendment Futile

Although courts generally allow leave to amend, the Court denies leave here because any amendment would have been futile. First, Drevaleva has already had at least three chances to plead against AHS in this Court alone based on the same operative facts, but she is still unable to state a federal claim. *See Drevaleva v. Alameda Health Sys.*, No. 16-cv-07414-LB (N.D. Cal.) (after granting leave to amend, dismissing amended complaint against AHS for alleged wrongful termination of Drevaleva in 2013). Second, even if she was able to make out a claim, they would be barred by res judicata based on her state court action *Drevaleva v. Alameda Health Sys.*, No. RG20066898 (Cal. Super. Ct.) as explained below.

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (barring Title VII claims that could have been included in state court complaint). It applies when there is (1) privity between parties, (2) an identity of claims, and (3) a final judgment on the merits. *Id.* Here, res judicata precludes Drevaleva's claims.

First, there is privity of the parties. Drevaleva and AHS are the same named parties as in the state court action. Second, Drevaleva's claims alleged here relate to AHS's alleged wrongful termination of her. This is the same grievance previously decided in the aforementioned state court action. There, Drevaleva sued AHS for retaliation and unlawful termination, among other claims. *See Drevaleva v. Alameda Health Sys.*, No. RG20066898, 2021 Cal. Super. LEXIS 112567, at \*1 (Cal. Super. Ct. Apr. 19, 2021). As here, those claims arose from AHS's termination of her employment on September 7, 2013. *Id.* Although she brought some new claims in this suit, they could have been raised in the prior actions. Thus, there is an identity of claims. *See Owens*, 244 F.3d at 713 (barring Title VII claims that could have been included in state court complaint). Third, there was a final judgment on the merits. The California superior court dismissed the entire action with prejudice on April 15, 2021. *Drevaleva v. Alameda Health Sys.*, No. RG20066898 (Cal. Super. Ct. Apr. 15, 2021). The First Appellate District denied her

9

application to appeal that she had to file as a vexatious litigant. *Drevaleva v. Alameda Health Sys.*, No. A162908 (Cal. Ct. App. Jul. 8, 2021). The California Supreme Court denied petition for review on October 13, 2021. *Drevaleva v. Alameda Health Sys.*, No. S269930 (Oct. 13, 2021). The Court takes judicial notice of these ruling *sua sponte*. *See United States v. 14.02 Acres of Land More or Less in Fresno Cty.*, 547 F.3d 943, 955 (9th Cir. 2008) ("[A] district court . . . may take judicial notice of matters of public record and consider them without converting a Rule 12 motion into one for summary judgment.") (internal quotation marks omitted).

Drevaleva opposes AHS's motion to dismiss, making numerous frivolous arguments. She, for example, contends that this Court has no jurisdiction to rule on AHS's motion to dismiss because she herself failed to properly serve AHS. Regardless, AHS has not objected to defective service. *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (defects in service waived by not raising such defense). As another example, she argues that AHS's counsel does not in fact represent AHS, but counsel has submitted a declaration stating otherwise (Docket No. 51-1 at ¶ 1), and Drevaleva presents no evidence to doubt such a declaration.

The Court **GRANTS** AHS's motion to dismiss without leave to amend.

### VII. OTHER MOTIONS

Because the Court grants AHS and DLSE's motions to dismiss without leave to amend, the following pending motions are denied as moot:

1. Drevaleva's Administrative Motion to Extend Deadline to File Amended Complaint (Docket No. 35);
2. Drevaleva's Administrative Motion to Extend Deadline to Serve AHS with Summons (Docket No. 47);
3. Drevaleva's Administrative Motion to Relate Cases (Docket No. 54);
4. Drevaleva's Administrative Motion For An Order To Serve California Secretary of State (Docket No. 57).

///
///
///

## VIII. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Affidavit of Bias and Prejudice is denied. Plaintiff's Request for Entry of Default against DIR is denied. The complaint against both Defendants is dismissed without leave to amend. Other pending administrative motions are denied as moot.

This order disposes of Docket Nos. 22, 23, 24, 33, 35, 47, 53, 54, and 57. The Clerk of Court is instructed to enter Judgment and close the case.

**IT IS SO ORDERED**.

Dated: July 7, 2022

_____
EDWARD M. CHEN
United States District Judge