UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATYANA EVGENIEVNA DREVALEVA, <br> Plaintiff, <br> v. <br> ALAMEDA HEALTH SYSTEM, et al., <br> Defendants. | Case No. 22-cv-01585-EMC <br><br> **ORDER GRANTING IN PART DEFENDANT ALAMEDA HEALTH SYSTEM'S MOTION FOR PRE-FILLING ORDER AND ORDER FOR BOND; AND DECLARAING PLAINTIFF A VEXATIOUS LITIGANT** <br><br> Docket No. 25 |

Defendant Alameda Health System (AHS) moved to declare Plaintiff Tatyana Drevaleva a vexatious litigant, require her to obtain a pre-filing order before filing additional litigation or motions, and require her to post a $50,000 bond before proceeding with litigation in the present case. (Docket No. 25-3 (Proposed Order).) As Plaintiff's complaint has been dismissed without leave, the Court grants the first two requests and denies the third as moot.

A. <u>Factual Background</u>

AHS hired Plaintiff as a monitor technician in 2013. (Docket No. 1 at ¶ 6.) A few months later, Drevaleva sent a letter to her manager questioning her employee status, unpaid shift differentials, unpaid overtime, AHS's failure to give work breaks, and the denial of her request for union affiliation. (*Id.* at ¶ 31.) AHS subsequently terminated her. (*Id.* at ¶ 32.) Shortly afterwards, Drevaleva filed unlawful retaliation and wage claims against AHS with DLSE. (*Id.* at ¶ 44.) DLSE determined that AHS terminated Drevaleva for a non-discriminatory reason and that she failed to show pretext. (*Id.* at ¶¶ 46, 47, 94.)

Since then, Drevaleva has brought dozens of cases against AHS and DIR/DLSE in state and federal courts relating to, or deriving from, AHS's termination and DLSE's adjudication. She

1  also has sued a number of state and federal judges that found against her as well as counsel
2  representing AHS and DLSE.  She is deemed a vexatious litigant by the California First District of
3  Appeal.  *See Drevaleva v. Alameda Health Sys.*, No. A158862, 2020 Cal. App. Unpub. LEXIS
4  6321 (Cal. Ct. App. Sept. 28, 2020).

B.     Legal Standard

Although pre-filing orders should rarely be filed, federal courts can "regulate the activities of abusive litigants by imposing carefully tailored restrictions under . . . appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (quotation marks omitted).  "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Id.* at 1148.  Thus, under the All Writs Act, 28 U.S.C. § 1651(a), "enjoining litigants with abusive and lengthy [litigation] histories is one such . . . restriction' that courts may impose." *Ringgold-Lockhart v. Cty. Of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (quoting *De Long*, 912 F.2d at 1147).  Federal district courts also "have inherent power to require plaintiffs to post security for costs." *Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994).

"When district courts seek to impose pre-filing restrictions, they must:  (1) give litigants notice and an opportunity to oppose the order before it is entered; (2) compile an adequate record for appellate review, including a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as to closely fit the specific vice encountered." *Ringgold-Lockhart*, 761 F.3d at 1062 (internal quotation marks and alterations omitted) (quoting *De Long*, 912 F.2d at 1147–48).

C.     Analysis

    1.     Notice and Opportunity to be Heard

AHS filed the motion for bond on May 6, 2022 and properly served Drevaleva.  (Docket No. 25.)  Drevaleva opposed the motion on May 28, 2020.  (Docket No. 37.)  The Court has fully considered the briefs.

2. <u>Record for Review</u>

Below is a listing of the cases that the Court has considered to conclude that a vexatious litigant order is needed. Although this listing is not exhaustive, it already shows that Drevaleva's activities are both numerous and abusive.

Drevaleva's cases against AHS and/or DIR or their personnel in federal courts:

- *Drevaleva v. Alameda Health Sys.*, Case No. 3:21-CV-03061, 2017 U.S. Dist. LEXIS 40778 (N.D. Cal., Mar. 21, 2017) (dismissing complaint against DIR under Eleventh Amendment), *aff'd*, No. 21-15460, 2021 U.S. App. LEXIS 24429 (9th Cir. Aug. 16, 2021) ("[W]e conclude this appeal is frivolous.").

- *Drevaleva v. Alameda Health Sys.*, No. 16-cv-07414-LB, 2017 U.S. Dist. LEXIS 105398 (N.D. Cal., July 7, 2017) (dismissing amended complaint against AHS and DIR's personnel), *aff'd*, 789 Fed.Appx. 51 (9th Cir. 2019), *reh'g denied*, No. 17-16382, 2020 U.S. App. LEXIS2054 (9th Cir. Jan. 22, 2020), *cert. denied*, 140 S. Ct. 2780 (2020).

- *Drevaleva v. Alameda Health Sys.*, No. 17-16382, 2019 U.S. App. Lexis 6208 (9th Cir. Feb. 28, 2019), *cert. denied*, 139 S. Ct. 2759 (2020) (denying emergency motion to expedite time on appeal).

- *Drevaleva v. Alameda Health Sys.*, No. 3:21-CV-03061, slip op. at 2 (Apr. 30, 2021) (rejecting request to order AHS provide her with certain documents under state law), *aff'd*, No. 21-15884, 2021 U.S. App. LEXIS 24070 (9th Cir. Aug. 12, 2021) (finding appeal frivolous).

- *Drevaleva v. Dep't of Indus. Rels. of Cal.*, No. 3:20-CV-03063, 2021 U.S. Dist. LEXIS 146239 (N.D. Cal. Aug. 4, 2021) (rejecting petition to order California Labor Commissioner to take certain action under state law), *aff'd*, No. 21-16678, 2022 U.S. App. LEXIS 16422 (9th Cir. Jun. 14, 2022) ("[W]e conclude this appeal is frivolous.").

Drevaleva against AHS and/or DIR or their personnel in state courts:

- Drevaleva has filed numerous actions against AHS and/or DIR in California state

courts.  Those proceedings are summarized in the appeals court opinion declaring her a vexatious litigant.  *See Drevaleva v. Alameda Health Sys.*, No. A158862, 2020 Cal. App. Unpub. LEXIS 6321 (Cal. App. Ct. Sept. 28, 2020).

- *Drevaleva v. Harding*, No. RG20061108, 2021 Cal. Super. LEXIS 14214 (Cal. Super. Ct. Jan. 5, 2021) (granting demurrer for Drevaleva's former supervisor at AHS).

Drevaleva against judges that have ruled against her regarding her suits against AHS or DIR:

- *Drevaleva v. Justices of the Cal. Court of Appeal*, Nos. 20-cv-07017-EMC, 21-cv-01664-EMC, 21-cv-02222-EMC, 2021 U.S. Dist. LEXIS 250819 (N.D. Cal. Apr. 9, 2021) (denying requests to vacate state court rulings), *aff'd*, No. 21-15657, 2021 U.S. App. LEXIS 24426, at *1 (9th Cir. Aug. 16, 2021) ("[W]e conclude this appeal is frivolous.").
- *Drevaleva v. Beeler*, No. 20-cv-00642-JD, 2020 U.S. Dist. LEXIS 253616 (N.D. Cal. Apr. 27, 2020) (dismissing Drevaleva's claims against Judge Beeler with prejudice), *aff'd*, No. 20-17523, 2021 U.S. App. LEXIS 11271 (9th Cir. Apr. 19, 2021).
- *In re Drevaleva*, 826 Fed. Appx. 929 (Fed. Cir. 2020) (denying Drevaleva's petitions for writ of mandamus to vacate judgment in case No. 20-cv-00642-JD).
- *Drevaleva v. Pollak*, No. 21-cv-01664-EMC, 2021 U.S. Dist. LEXIS 83920 (N.D. Cal. Apr. 22, 2021) (denying motion to vacate state court judgment), *aff'd*, No. 21-15766, 2021 U.S. App. LEXIS 24087 (9th Cir. Aug. 12, 2021) ("[W]e conclude this appeal is frivolous.").

3. <u>Substantive Findings</u>

"[B]efore a district court issues a pre-filing injunction against a *pro se* litigant, it is incumbent on the court to make substantive findings as to the frivolous or harassing nature of the litigant's actions."  *De Long*, 912 F.2d at 1148 (internal quotations omitted).  In evaluating this factor this Court also considers five additional issues: (1) the litigant's history of litigation and

1 whether it entailed vexatious, harassing, or duplicative suits; (2) the litigant's motive in pursuing

2 the litigation; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused

3 needless expense to other parties or posed an unnecessary burden on the courts; and (5) whether

4 other sanctions would adequately protect the courts and other parties. *Molski v. Evergreen

5 Dynasty Corp.*, 500 F.3d 1047, 1058 (9th Cir. 2007) (citing *Safir v. United States Lines, Inc.*, 792

6 F.2d 19, 24 (2d Cir. 1986)).

7 As described above, many of the listed cases expressly found Drevaleva's cases frivolous.

8 In her first lawsuit against AHS and DIR in the federal court, for example, the Court found her

9 claims "legally feckless" and revoked her *in forma pauperis* status for purposes of her appeal. *See

10 Drevaleva v. Alameda Health Sys.*, No. 16-cv-07414-LB, 2017 U.S. Dist. LEXIS 115180, at *1–

11 *3 (N.D. Cal. Jul. 24, 2017) ("The court has carefully reviewed its earlier analyses to try and find

12 something in the plaintiff's case that shows a glimmer of legal viability. It could find nothing.").

13 In this instant case, she asserts frivolous claims, including those under the Eighth and Thirteenth

14 Amendment. In other cases, Drevaleva has repeatedly submitted duplicative filings. After the

15 Ninth Circuit denied her appeal of her first federal case against AHS and DIR, for example, she

16 filed untimely petitions for rehearing and rehearing *en banc*. *Drevaleva v. Alameda Health Sys.*,

17 No. 17-16382, 2020 U.S. App. LEXIS 18010 (9th Cir. Jun. 8, 2020). She then submitted

18 numerous requests for extension of time to file petition for rehearing *en banc*, and directed some

19 requests to Chief Judge not on the panel that decided the appeal. *Id.*

20 Drevaleva's actions also show harassment. Besides frivolously filing suits against state

21 and federal court judges, she has filed suit against AHS's attorneys in state court, and sought

22 criminal restraining orders against them. (Docket No. 25-2 Paquette Decl. at ¶ 6.) She also has

23 pending cases in this court against the attorneys for DIR and AHS. *See Drevaleva v. Ng et al.*, No.

24 3:22-cv-01984-EMC (N.D. Cal.); *Drevaleva v. Narayan Travelstead Prof. Law Corp. et al.*, No.

25 3:22-cv-02068-EMC (N.D. Cal.).

26 Drevaleva has caused needless expenses to at least AHS and posed an unnecessary burden

27 on the courts. AHS has incurred $259,185 in legal fees and related expenses of $8,572 associated

28 with Drevaleva's claims. (Docket No. 25-2 Paquette Decl. at ¶ 8.) Drevaleva's numerous cases

1  also burden the court.

2  Sanctions other than a pre-filing order is unlikely to adequately protect the Court and the
3  parties. Drevaleva's repeated and excessive filings, including this instant proceeding, after being
4  declared a vexatious litigant in state court, compels the inference that other sanctions would be
5  insufficient. Drevaleva has not heeded warnings from various courts that her claims were
6  frivolous. She therefore is not likely to be deterred absent a strong sanction in this instance.

   4.  Narrowly Tailored Order

8  AHS's proposed order would require Drevaleva to obtain a pre-filing order before pursuing
9  any litigation or filing any new motion. (Docket No. 25-3 (Proposed Order).) That is too broad.
10 *See De Long*, 912 F.2d at 1148 (finding pre-filing order preventing litigant from filing any suit in
11 particular court overbroad). Instead, the Court issues the following order:

> Given Plaintiff's continued filings against AHS and DIR (including DLSE),
> the Court **DECLARES** Plaintiff a vexatious litigant and finds that a pre-
> filing order is appropriate moving forward. Plaintiff is **ORDERED** to seek
> pre-filing approval in this Court prior to filing cases or new motions in the
> Northern District of California *pro se* against AHS and DIR (including
> DLSE), or any of their employees, officers, agents, or counsel regarding
> Plaintiff's prior employment with AHS or regarding DIR/DLSE's
> adjudication of Plaintiff's claims against AHS.

20 This order is narrowly tailored to the "group of defendants" Drevaleva has targeted and to
21 the "type[s] of claims [Drevaleva] ha[s] been filing vexatiously." *Molski*, 500 F.3d at 1061. The
22 order does not deny Drevaleva access to the courts generally, but only subjects her to an initial
23 screening.

24 This order disposes of Docket No. 25.

25 **IT IS SO ORDERED**.

26 Dated: July 7, 2022

_____
EDWARD M. CHEN
United States District Judge

6