UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATYANA EVGENIEVNA DREVALEVA,<br>Plaintiff,<br>v.<br>ALAMEDA HEALTH SYSTEM, et al.,<br>Defendants. | Case No. 22-cv-01585-EMC<br><br>**ORDER DENYING PLAINTIFF'S PRE-FILING APPLICATIONS**<br><br>Docket Nos. 66-69 |

After the Court declared Plaintiff Tatyana Drevaleva a vexatious litigant and entered judgment against her on July 7, 2022, Plaintiff has filed pre-filing applications for the following motions: (1) motion to vacate judgment as to Defendant Department of Industrial Relations (DIR) (Docket No. 67)[1], (2) motion to vacate judgment as to Defendant Alameda Health System (AHS) (Docket No. 68), and (3) second motion to vacate judgment as to AHS (Docket No. 69). Plaintiff seeks to file all three underlying motions under Federal Rule of Civil Procedure Rule 59(e) and 60(b).

"Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). "Rule 60(b) provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly

---

[1] Plaintiff inadvertently filed the underlying motion (Docket No. 66) before the pre-filing application. Because this Court denies the pre-filing application, the underlying motion is denied as moot.

1  discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6)
2  extraordinary circumstances which would justify relief." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d
3  1255, 1263 (9th Cir. 1993).
4      Plaintiff's proposed motions would not meet the standard under either Rule. Specifically,
5  Plaintiff re-argues that this Court did not have jurisdiction to consider the Division of Labor
6  Standards Enforcement's (DLSE) motion to dismiss on behalf of the DIR, and that this Court did
7  not have jurisdiction to consider AHS's motion to dismiss because she has not properly served
8  AHS. The Court has addressed both arguments in its order to dismiss (Docket No. 62) ("Order").
9  Plaintiff also seeks to plead more facts to support her Fair Labor Standards Act claim. But as the
10 Court explained in the Order, res judicata would render any amendment futile. Plaintiff's pre-
11 filing applications are hereby **DENIED**.
12     This order disposes of Docket Nos. 66-69.

14 **IT IS SO ORDERED**.

16 Dated: July 19, 2022

_____
EDWARD M. CHEN
United States District Judge

2